**FILED**
**Jan 16, 2020**
**01:20 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| **Carl Swafford,** | ) | **Docket No. 2018-01-0036** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Wal-Mart Associates, Inc.,** | ) | **State File No. 1581-2017** |
| **Employer,** | ) | |
| **And** | ) | |
| **New Hampshire Insurance Company,** | ) | **Judge Audrey A. Headrick** |
| **Carrier.** | ) | |

### EXPEDITED HEARING ORDER
*(DECISION ON THE RECORD)*

This case came before the Court on Carl Swafford's Request for an Expedited Hearing on the record. Mr. Swafford requested a valid panel of physicians and penalty assessment for failure to provide a valid panel.[1] Wal-Mart denied that Mr. Swafford is entitled to another panel, and the Court agrees.

### History of Claim

While using a pallet jack on January 6, 2017, Mr. Swafford injured his right hip.[2] After receiving emergency treatment, Mr. Swafford treated with Physicians Care, who referred him to an orthopedist.

---

[1] Mr. Swafford requested a valid wage statement since he worked for Wal-Mart for fewer than fifty-two weeks preceding his injury. Wal-Mart later filed the wage statement of a similarly-situated employee, who earned the same hourly rate as Mr. Swafford. Mr. Swafford also requested a "valid impairment rating," which he can request through the Medical Impairment Rating Registry.

[2] The parties dispute whether the correct date of injury is January 5 or 6.

1

Wal-Mart provided Mr. Swafford, who resides in Hixson, with an orthopedic panel located in McMinnville, Hixson, and Chattanooga. McMinnville is located approximately sixty-seven miles from Mr. Swafford's home. Mr. Swafford ultimately selected Dr. Matthew Bernard at the Center for Sports Medicine in Hixson.

After reviewing a right-hip MRI, Dr. Bernard diagnosed a labral tear, stated with "greater than 50% probability that [it was] directly related to his work related injury," and referred Mr. Swafford to Dr. Benjamin Miller in his practice for surgical consideration. In addition to the labral tear, Dr. Miller diagnosed a gluteus medius tendonitis and provided an injection. Dr. Miller referred Mr. Swafford to his practice partner, Dr. Shay Richardson, for a Tenex procedure.

After Mr. Swafford underwent the Tenex procedure, Drs. Richardson, Bernard, and Miller continued to intermittently treat him. Although Dr. Bernard stated in November 2017 that Mr. Swafford's hip did "not demonstrate osteoarthritis," Dr. Miller determined in May 2018 that his main problem was osteoarthritis. Dr. Miller recommended a total hip arthroplasty and referred him to Dr. Bernard for a surgical opinion. Dr. Bernard recommended the surgery but only if a cortisone injection provided relief.

The cortisone injection did not provide relief, so Dr. Bernard did not recommend surgery. Instead, he diagnosed Mr. Swafford with "[h]ealed tendinosis" and "underlying chronic non-job related osteoarthritis." As to the osteoarthritis, Dr. Bernard released him to return on an as-needed basis. Dr. Bernard reiterated that he did "not believe [the osteoarthritis was] causally related at all to his injury and [was] simply an incidental finding on MRI."[3] Since Dr. Richardson treated Mr. Swafford's tendonitis and performed the Tenex procedure, Dr. Bernard deferred to his opinion on causation, treatment, maximum medical improvement, and impairment.

Dr. Richardson agreed with Dr. Bernard that Mr. Swafford's osteoarthritis was not work-related but determined that his tendinosis was more than fifty percent related to his work injury. He also concluded that "the majority of [Mr. Swafford's] pain [was] due to his arthritic hip joint, and not workers comp related." While Dr. Richardson indicated on the Final Medical Report that he anticipates the need for future medical treatment, his last office note contained no recommendation for further treatment or evaluation for the tendinosis.

---

[3] In its response, Wal-Mart moved to dismiss Mr. Swafford's right-hip osteoarthritis claim on grounds of compensability. However, the expedited hearing process is designed to address interlocutory issues. Wal-Mart relied on matters outside of the pleadings, which converts it to a Rule 56 motion for summary judgment. A Rule 56 motion requires a statement of undisputed facts. Therefore, the Court denies the motion to dismiss.

Later, at Mr. Swafford's request, Wal-Mart offered him a new panel of orthopedists located in Chattanooga and Cleveland. Cleveland is approximately thirty miles from Mr. Swafford's home. He declined to make a selection, asserting it did not contain physicians located in his community.

### Findings of Fact and Conclusions of Law
*Standard Applied*

Mr. Swafford must present sufficient evidence from which the Court can determine he is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019). The Court holds he did not.

### Analysis
*Medical Benefits*

The preliminary issue is whether Wal-Mart provided a valid panel of orthopedic physicians to Mr. Swafford, who lives in Hixson. The original panel listed providers located in McMinnville, Hixson, and Chattanooga with the McMinnville practice located approximately sixty-seven miles from Mr. Swafford's home. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that an employer "*shall* designate a group of three (3) or more independent reputable physicians . . . *if available in the injured employee's community.*" (Emphasis added). The Court finds that the original panel listing a McMinnville practice was invalid and did not comply with the statute.

The Court next turns to the validity of the subsequent orthopedic panel. The new panel listed physicians located in Chattanooga and Cleveland, with the Cleveland practice located within thirty miles of Mr. Swafford's home. While the distance from Mr. Swafford's home may have been inconvenient, the Court finds that Wal-Mart remedied the defective panel by providing one that was reasonably within his community. The Court holds that Mr. Swafford shall select a physician from the newly-submitted panel for evaluation and treatment of his work-related right-hip condition. Therefore, the Court denies Mr. Swafford's request for another panel.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Swafford's request and declines to refer Wal-Mart for consideration of possible penalty assessment.

2. This case is set for a Status Hearing on **Wednesday, March 25, 2020, at 2:00 p.m. Eastern Time**. The parties must call (423) 634-0164 or toll-free at (855) 383-0001 to participate. Failure to call may result in a determination of the issues without the party's participation.

**ENTERED January 16, 2020.**

_____
**AUDREY A. HEADRICK**
**Workers' Compensation Judge**

# APPENDIX

Exhibits:
1. First Report
2. Panels (Center for Sports Medicine; Physicians Care)
3. Responses of Dr. Shay Richardson dated February 28, 2019
4. Medical records of Physicians Care
5. Medical records of Center for Sports Medicine & Orthopaedics
6. Declaration of Betty Miller:
    a. Medical records
    b. Wage Statement
    c. Affidavit of Carl Swafford

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Position Statement
5. Docketing Notice
6. Motion for Time Extension
7. Proposed Agreed Order Allowing Time Extension
8. Employer's Response in Opposition to Employee's Request for Expedited Hearing and Motion to Dismiss

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 16, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Scott N. Davis, Employee's Attorney | | X | sdavis@noogalaw.com |
| Celeste M. Watson, Employer's Attorney | | X | celeste@cmwatsonlaw.com |

w/permission JD

**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal:</u>

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL

Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

Employee _____

v.

Employer _____

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____ to the Workers' Compensation Appeals

Board. [List the date(s) the order(s) was filed in the court clerk's office]

Judge _____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

### List of Parties

**Appellant (Requesting Party):** _____ At Hearing: ☐Employer ☐Employee

Address: _____

Party's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*Attach an additional sheet for each additional Appellant*

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)

**Appellee (Opposing Party):** _____ At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone: _____ Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Address: _____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email: _____

*** Attach an additional sheet for each additional Appellee ***

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20___

[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____    2. Address: _____

3. Telephone Number: _____    4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | | |
|---|---|---|---|---|
| AFDC | $ _____ | per month | beginning | _____ |
| SSI | $ _____ | per month | beginning | _____ |
| Retirement | $ _____ | per month | beginning | _____ |
| Disability | $ _____ | per month | beginning | _____ |
| Unemployment | $ _____ | per month | beginning | _____ |
| Worker's Comp. | $ _____ | per month | beginning | _____ |
| Other | $ _____ | per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental $ _____ per month

Groceries     $ _____ per month     Telephone     $ _____ per month

Electricity     $ _____ per month     School Supplies $ _____ per month

Water     $ _____ per month     Clothing     $ _____ per month

Gas     $ _____ per month     Child Care     $ _____ per month

Transportation     $ _____ per month     Child Support     $ _____ per month

Car     $ _____ per month

Other     $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20 _____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)            RDA 11082